JOHN L. EDWARDS, JR., *alias* JOHN L. EVANS V. THE STATE.

No. 21001. Delivered April 24, 1940.
Rehearing Denied (Without Written Opinion) June 28, 1940.

The opinion states the case.

*Callaway & Callaway*, of Brownwood, and *Oxford & McMillan*, of Stephensville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is bigamy. The punishment assessed is confinement in the State penitentiary for a term of two years.

It was charged in the indictment that on or about the 24th day of June, A. D., 1939, in the County of Somervell and State of Texas, John L. Edwards, Jr., alias John L. Evans, did unlawfully marry Vada Rogers he, the said John L. Edwards, Jr., alias John L. Evans, then and there having a former wife, to-wit: Drucilla Lee Edwards, then living.

Upon the trial is was conclusively shown by the State's testimony that on the 24th day of December, 1929, the appellant obtained a marriage license from the County Clerk of Mills County to marry Drucilla Lee. That on said day, by virtue of said license, S. F. Roberts, a Minister of the Gospel, united in marriage the said John L. Edwards, Jr., and Drucilla Lee. After their marriage they lived on a farm between Stephenville and Dublin for about two years. That later he purchased a small tract of land from L. L. Hancock, to which

place he moved with his family and became a near neighbor and intimate friend of L. L. Hancock and Jim Perry, who knew him as John L. Edwards. On the 24th day of June, 1939, he appeared at the office of Dr. C. L. Edgar, in Cleburne, introduced himself to the doctor as John L. Evans, and obtained from the doctor a health certificate, which he took to the County Clerk of Johnson County, where he obtained a license under the assumed name of John L. Evans to marry Vada Rogers. Late in the afternoon of the same day he, accompanied by Miss Rogers, appeared at the home of Rev. Suddath, who, by virtue of the license, united them in marriage. The next day they returned to the home of Vada's parents where appellant spent a day or two with his newly-wedded wife. He left Veda with her parents while he, appellant, was ostensibly endeavoring to provide a home for them. In the meantime he returned to the home of Mr. Rogers on several occasions to visit his wife, Vada. The last visit was on the morning of August 17th, at which time Mr. Rogers and his son wrote the number of appellant's automobile license upon a piece of paper and when he left, they followed him to Stephenville, went to the Tax Collector's Office, where they examined the records and discovered that he had his automobile registered under the name of John L. Edwards.

Appellant did not testify. His defense was alibi and mistaken identity, and in support of the same he offered three witnesses who testified that on the 24th day of June, 1939, appellant was employed by the Texas Sash & Door Company, located in the City of Fort Worth. That on said date he worked until 3:00 p. m. He also proved by several witnesses that on the morning of August 17th, he was in Stephenville, Texas.

When the case was called for trial appellant made an application for a continuance based on the absence of his mother, who was ill and by whom he expected to prove, and would have proved, that on the morning of August 17, 1939, he was at her home. To this application he attached a certificate of a physician who certified that Mrs. Edwards, appellant's mother, was too ill to attend the trial. The court overruled the motion to which appellant excepted. After his conviction he filed a motion for a new trial based on the court's action in overruling his application for a continuance. To this motion he attached an affidavit of his mother from which it appears that she would testify to the facts stated in the application for a continuance. The court overruled his motion for a new trial, to which he excepted, and by a bill of exception brings the mat-

ter to this court for review. His contention is that the court's action in overruling his application for a continuance and his motion for a new trial based thereon constitutes reversible error. The main issue in the case, as we understand the record, was whether appellant married Vada Rogers on the 24th day of June, 1939, and not whether he was at the home of Mr. Rogers on the morning of August 17, 1939. Consequently, the testimony of the absent witness, if true, would not have been material except on the issue of identity. However, the testimony of his identity and his marriage to Vada Rogers is overwhelming. Moreover, the automobile which appellant registered was, according to the undisputed testimony, at the home of Mr. Rogers on the morning of August 17, 1939. Who drove it there? We find no evidence from any source that anyone used his car on said morning. The testimony of the absent witness would have been but cumulative of the testimony of the two witnesses who testified that appellant was in Stephenville on the morning of August 17, 1939. Viewing the matter complained of in the light of the entire record, we do not believe that the trial court committed any error in regard thereto.

In the case of Escobar v. State, 51 S. W. (2d) 346, this court said: "[If it be conceded] that the trial court had no discretion to determine the probable truth of the testimony of the absent witness, this did not necessitate a new trial unless the materiality of the absent testimony was such that, if true, it would likely produce a different result upon another trial."

The court in that case further said: "Conceding the truth of the absent testimony, the question is whether, viewed in the light of the facts adduced upon the trial, it is of such materiality as that it would likely produce a different result upon another trial."

Having reached the conclusion that no reversible error is reflected by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.